UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BERNARD WILLIAMS,
    Plaintiff,

vs.                                   10-1131

CORNEALIOUS SANDERS, et.al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The Plaintiff has named two defendants: Adjustment Committee Members Cornelious Sanders and Larry Hallman. The Plaintiff alleges that the Defendants violated his Fourteenth Amendment Due Process rights and is asking for damages.

    Specifically, the Plaintiff alleges that the Defendants found him guilty of three Illinois Department of Corrections Rules violations including Possession of Money, Giving False Information to an Employee and Possessing Unauthorized Property. The Plaintiff lost six months of good time credits as a result. The Plaintiff clearly denies that he participated in this conduct and states at length in his complaint why he is innocent. Nonetheless, the Plaintiff says he "is not in any way, shape or form challenging the fact or duration of his prison sentence, only the unconstitutional procedures employed to revoke his good time." (Comp, p. 21)

    The Plaintiff is correct that he cannot challenge the results of this disciplinary hearing in his current lawsuit. When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has

already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997). The Plaintiff does not allege that the disciplinary ticket was expunged, and therefore the court cannot consider the validity of the claims against him.

However, the Plaintiff says he was denied a fair hearing. The Plaintiff says the committee refused to call or consider relevant witnesses; the final summary report does not contain the basis for the committee's decision; the Adjustment Committee Members were not paying during the hearing; and the committee did not adequately investigate the confidential informant.

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). The Plaintiff does meet the first requirement because he has a liberty interest in his good-time credits. *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir.2001); *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir.1996). As far as the required procedure, due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992); *see also Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Plaintiff alleges that two of these requirements were not followed: the failure to allow witnesses and the failure to provide a written statement.

The Plaintiff claims he was denied the opportunity to call witnesses that would have helped demonstrate his innocence. The Plaintiff has attached a copy of the Final Summary Report from the Adjustment Committee which indicates the Plaintiff only asked for one witness. The committee denied this request because it found the testimony would be irrelevant. The Plaintiff claims he requested five other witnesses, but his request was denied as well as his motion to continue the hearing. Whether or not the Plaintiff made a valid request for witnesses is not a proper consideration for merit review. The Plaintiff has stated a violation of his due process rights.

The court notes the Plaintiff also claims the committee did not provide a written statement of the evidence relied on. The written statement requirement, however, is not onerous. *See Pardo v. Hosier*, 946 F.2d 1278, 1284 (7th Cir.1991); *Culbert v. Young*, 834

F.2d 624, 629 (7th Cir.1987); *Saenz v. Young*, 811 F.2d 1172, 1173-74 (7th Cir.1987). The statement need only illuminate the evidentiary basis and reasoning behind the decision. *Saenz*, 811 F.2d at 1173-74. The Final Summary Report provided by the Plaintiff contains a lengthy statement of the basis for the decision that meets this requirement.

The Plaintiff also states that he received segregation time as a result of his disciplinary ticket and this was a violation of his due process rights. The Plaintiff says he was transferred to Pontiac Correctional Center to serve his time in segregation and his living conditions included noisy, unsanitary cells. Transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The Plaintiff has not articulated a violation of his due process rights based on this disciplinary sanction. If the Plaintiff was intending to state a violation of his Eighth Amendment rights based on his living conditions at Pontiac, he has failed to name any defendants from Pontiac who were responsible. In addition, if the Plaintiff wishes to pursue a lawsuit pertaining to Pontiac Correctional Center, the claims would not be related to the current defendants nor Hill Correctional Center. Therefore, the Plaintiff would need to file a separate complaint articulating this claim. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff states the following federal claim: Adjustment Committee Members Cornelious Sanders and Larry Hallman violated the Plaintiff's Fourteenth Amendment due process rights during a August 2009 disciplinary hearing when the Plaintiff was not allowed to call relevant witnesses.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule**

**16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**Entered this 4th Day of November, 2010.**

s/Michael M. Mihm
_____
**MICHAEL M. MIHM**
**UNITED STATES DISTRICT JUDGE**